UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lisa L.,

Plaintiff,

v.

Frank Bisignano, Commissioner of Social Security Administration,

Defendant.

Civ. No. 25-4116 (PAM/LIB)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on the parties' cross-Motions for judgment on the administrative record. For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Lisa L.[1] protectively filed a Title XVI application for supplemental security income on November 17, 2020. (Admin. R. (Docket No. 10) at 254–66.) In her application, she alleged that she has been disabled since October 29, 2020, due to various mental impairments. (Id. at 257.)

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Pt. 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can

perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. Id. § 416.920(a)(4)(v). If the individual has not performed past relevant work, the Commissioner makes a disability determination depending on whether she can adjust to other work given her RFC, age, education, and other work experience. Id. § 416.920(g).

Plaintiff's application for benefits was denied initially and on reconsideration. She then filed a civil lawsuit in this District, and on August 19, 2024, the court remanded the case for further administrative proceedings. See Lisa L. v. O'Malley, Civ. No. 23-1138 (D. Minn) (JWB/JFD), Docket No. 21. On remand, the ALJ held a hearing on May 23, 2025. (Admin. R. at 753–84.) Plaintiff testified and was represented by an attorney at the hearing. (Id. at 731.)

The ALJ determined that Plaintiff had the severe impairments of fibromyalgia, cervical spine foraminal stenosis, chronic low back pain, borderline personality disorder, attention deficit hyperactivity disorder, posttraumatic stress disorder, bipolar disorder, agoraphobia, and generalized anxiety disorder. (Id. at 733–34.) The ALJ found, however, that Plaintiff's impairments did not meet or medically equal any listed impairments. (Id. at 734–37.) The ALJ next determined that Plaintiff had the RFC to perform light work that is simple and routine, with additional restrictions. (Id. at 737–43.) Further, the ALJ found that Plaintiff can respond appropriately to supervision, coworkers, and usual work situations involving occasional—but brief and superficial—contact with coworkers. (Id.)

After considering testimony from a vocational expert, the ALJ determined that there were jobs Plaintiff could perform in sufficient numbers in the national economy. (Id. at 744–45.) Therefore, on July 18, 2025, the ALJ issued a decision concluding that Plaintiff was not disabled. (Id. at 745.) Plaintiff has exhausted her administrative remedies, and the ALJ's decision is the Commissioner's final decision subject to judicial review. Sims v. Apfel, 530 U.S. 103, 107 (2000).

**DISCUSSION**

Judicial review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff claims that the ALJ failed to adequately address the supportability and consistency factors, as described in 20 C.F.R. § 416.920c, when evaluating the opinion of Dr. Patricia E. Blumenreich, Plaintiff's treating mental health provider.

An ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." Bowers v. Kijakazi, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). "The first two factors—supportability and consistency—are the most important." Id. (citing 20 C.F.R. § 404.1520c(a)). The Court's review is limited "to whether the ALJ adequately analyzed persuasiveness, including the supportability and consistency factors, not whether we agree with the ALJ's evaluation of the record evidence on those issues." Cropper v. Dudek, 136 F.4th 809, 814 (8th Cir. 2025).

Dr. Blumenreich's opinion as to Plaintiff's abilities was more restrictive than the ALJ'c conclusions in the RFC. Dr. Blumenreich opined that Plaintiff was markedly impaired in her ability to remember locations, maintain attention and concentration, make simple work-related decisions, interact appropriately with the general public, get along with coworkers, and deal with normal stress. (Admin. R. at 426.) She further opined that Plaintiff was extremely limited in her ability to accept instructions, respond appropriately to changes, complete a normal workday, and work in cooperation with others. (Id.)

The ALJ concluded that Blumenreich's opinions were not well supported because they were based on her clinical impressions and that neuropsychological testing would have been more accurate. (Id. at 743.) Indeed, Dr. Blumenreich stated as much acknowledging that her opinion was based on "clinical observations, not on testing," and that "neuropsychological testing" would be required for a "more accurate assessment" of

Plaintiff's limitations. (Id. at 425.) The ALJ noted that Bluemnreich did not list any explanations or objective findings to support her opinions on the check-box form, and that her treatment notes did not support the marked or extreme limitations. (Id. at 743.) Further, the ALJ explained that Dr. Blumenreich's "treatment notes consistently include intact mental status examinations" and that she "d[id] not document any need for higher level care" for Plaintiff. (Id.) The ALJ sufficiently explained his reasoning to find Dr. Blumenreich's opinion unsupported.

The ALJ also explained that Dr. Blumenreich's findings were inconsistent with the record, which generally indicated a more positive impression of Plaintiff's daily living and mental status examinations, and noted that she had received conservative treatment. (Id.) Plaintiff argues that the ALJ should have provided a more in-depth comparison as to how Dr. Blumenreich's opinions were inconsistent with the record, but the regulations do not require an ALJ to provide such an explanation. See Austin v. Kijakazi, 52 F.4th 723, 729 (8th Cir. 2022) ("[T]he ALJ is not required to explicitly reconcile every conflicting shred of medical evidence.") (cleaned up); 20 C.F.R. § 416.920c(b)(1) ("[The ALJ is] not required to articulate how [h]e considered each medical opinion or prior administrative medical finding from one medical source individually.") Moreover, "[t]he ALJ's brevity is not reversible error." Grindley v. Kijakazi, 9 F.4th 622, 631 (8th Cir. 2021).

Plaintiff essentially asks the Court to reweigh evidence, which it will not do. See Schmitt v. Kijakazi, 27 F.4th 1353, 1361 (8th Cir. 2022) ("Despite [Plaintiff's] dissatisfaction with how the ALJ weighed the evidence, it is not this Court's role to reweigh that evidence."). Although Plaintiff disagrees with the ALJ's conclusions regarding the

persuasiveness of Dr. Blumenreich's opinion and the RFC findings, the ALJ sufficiently explained his reasoning and substantial evidence supports the decision that Plaintiff is not disabled. Thus, Plaintiff's challenge to the ALJ's decision fails.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Judgment (Docket No. 20) is **DENIED**;
2. Defendant's Motion for Judgment (Docket No. 29) is **GRANTED**; and
3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 30, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge